UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**12 CIV 5102**

_Timothy L Danser_

_____

_____

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

_Basic International (see_
_attached for additional Defendants_

_(In the space above enter the full name(s) of the defendant(s)._
_If you cannot fit the names of all of the defendants in the space_
_provided, please write "see attached" in the space above and_
_attach an additional sheet of paper with the full list of names._
_Typically, the company or organization named in your charge_
_to the Equal Employment Opportunity Commission should be_
_named as a defendant.  Addresses should not be included here.)_

**COMPLAINT**
**FOR EMPLOYMENT**
**DISCRIMINATION**

Jury Trial: ☒ Yes ☐ No
_(check one)_

JUN 29 2012

U.S.D.C. S.D.N.Y.
CASHIERS

This action is brought for discrimination in employment pursuant to: _(check only those that apply)_

X        Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
         to 2000e-17 (race, color, gender, religion, national origin).
         _NOTE:  In order to bring suit in federal district court under Title VII, you must first obtain a_
         _Notice of Right to Sue Letter from the Equal Employment Opportunity Commission._

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
         621 - 634.
         _NOTE:  In order to bring suit in federal district court under the Age Discrimination in_
         _Employment Act, you must first file a charge with the Equal Employment Opportunity_
         _Commission._

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
         12117.
         _NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act,_
         _you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity_
         _Commission._

X        New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
         race, creed, color; national origin, sexual orientation, military status, sex,
         disability, predisposing genetic chacteristics, marital status).

X        New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
         131 (actual or perceived age, race, creed, color, national origin, gender,
         disability, marital status, partnership status, sexual orientation, alienage,
         citizenship status).

_Rev. 05/2010_                                    1

**Employment Discrimination Timothy Danser**

Timothy L Danser

Versus

**Bagir International, Bagir Group, FIMI Opportunity Fund, Samuel  Vlodinger** individually and as a Senior partner of Defendant FIMI and Chairman of the Board of Defendant Bagir**,   Ishay Davidi,** individually and as Chief Executive Officer of defendant FIMI, **Danny Taragan** individually and as a Chief Executive Officer of FIMI,  **Moshe Gadot** , Individually and as Director of Defendant of Bagir , **Doron Abramovitch**, Individually and as former Director of Defendant  Bagir, **Yossi Alalof**, individually and as a former Director of Defendant Bagir, Moses Cohen,  Individually and as President and CEO of Defendant Bagir International.


**Defendent Partries in Complaint**

FIMI Opportunity Fund
Samuel  Vlodinger
Ishay Davidi
Rubinstein House
37 Manahem Begin Road
Tel-Aviv  67137  Israel

Bagir Group
Moshe Gadot
Doron Abramovich
Yossi Alalof
Israel Pollack Road 44,
Kiryat Gat, Israel, 82101

Bagir International
Moses Cohen
499 Seventh Ave
New York,  New York 10018

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name *Timothy L Danser*
Street Address    *PO Box 748*
County, City    *Suffolk  Southampton*
State & Zip Code    *New York  11969*
Telephone Number    *214 - 243 - 7087*

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant    Name *Bagir International*
Street Address    *499 Seventh Ave*
County, City    *New York, New York*
State & Zip Code    *New York  10018*
Telephone Number    *212 - 560 - 9650*
*See Attached for additional Defendents*

C.    The address at which I sought employment or was employed by the defendant(s) is:

Employer    *Bagir International*
Street Address    *499  Seventh  Ave*
County, City    *New York,  New York*
State & Zip Code    *NY, 10018*
Telephone Number    *212  560 - 9650*

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.   Attach additional sheets of paper as necessary.

A.    The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

| | |
|---|---|
| _____ | Failure to hire me. |
| __X__ | Termination of my employment. |
| __X__ | Failure to promote me. |
| _____ | Failure to accommodate my disability. |
| __X__ | Unequal terms and conditions of my employment. |

*Rev. 05/2010*                    2

**Employment Discrimination Timothy Danser**

Timothy L Danser

Versus

**Bagir International, Bagir Group, FIMI Opportunity Fund, Samuel Vlodinger** individually and as a Senior partner of Defendant FIMI and Chairman of the Board of Defendant Bagir,   **Ishay Davidi,** individually and as Chief Executive Officer of defendant FIMI, **Danny Taragan** individually and as a Chief Executive Officer of FIMI,  **Moshe Gadot** , Individually and as Director of Defendant of Bagir , **Doron Abramovitch**, Individually and as former Director of Defendant  Bagir, **Yossi Alalof**, individually and as a former Director of Defendant Bagir, Moses Cohen,  Individually and as President and CEO of Defendant Bagir International.


**Defendent Partries in Complaint**

FIMI Opportunity Fund
Samuel  Vlodinger
Ishay Davidi
Rubinstein House
37 Manahem Begin Road
Tel-Aviv  67137  Israel

Bagir Group
Moshe Gadot
Doron Abramovich
Yossi Alalof
Israel Pollack Road 44,
Kiryat Gat, Israel, 82101

Bagir International
Moses Cohen
499 Seventh Ave
New York,  New York 10018

     X          Retaliation.

_____      Other acts *(specify)*: _____.

> **Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: 12/1/2008 → on going
                                                                         *Date(s)*

C.    I believe that defendant(s) *(check one)*:

       X        is still committing these acts against me.

_____      is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

     ☐   race _____     ☐   color _____

     ☐   gender/sex _____     ☒   religion non-jewish

     ☒   national origin US citizen _____

     ☐   age.  My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

     ☐   disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

See attached for the Facts

_____

_____

_____

_____

_____

_____

> **Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.  Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ March 8 2011 _____ *(Date)*.

**Section E The Facts**

Please find attached original documents submitted to the EEOC to file complaint of discrimination on basis of National Origin, Religion, and Retaliation. While we did attempt to walk away with amicably with a separation agreement, The defendants them breached this agreement by refusing to follow Cobra, cancelled dental plan, used plaintiffs 's personal credit for business expenses, did not send 1099 on time or in professional manner, and further damaged plaintiffs reputation with malice and bad will hindering opportunities for employment.

While filing the claims with the EEOC, the commission did not have authority to enforce defendants breach of agreement since the commission was not involved in the drafting of the document.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____     has not issued a Notice of Right to Sue letter.

__X__       issued a Notice of Right to Sue letter, which I received on *April 10, 2012* (Date).

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____     60 days or more have elapsed.

_____     less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: lost wages, Contract dispute, Breach

of Contract, legal cost      $750,000.00 + legal cost

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 29 day of _June_____ , 20 12.

Signature of Plaintiff    T Glinser

Address                   PO Box 748

                          Southampton, NY 11969

Telephone Number          214-243-7087

Fax Number *(if you have one)* _____

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Timothy Danser**<br>**Po Box 748**<br>**Southampton, NY 11969** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2011-01464** | **Thomas Perez,<br>Investigator** | **(212) 336-3778** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Kevin J. Berry*      3 - 30 - 12

**Kevin J. Berry,<br>District Director**      *(Date Mailed)*

cc:    **Director<br>Human Resources<br>BAGIR INTERNATIONAL<br>499 Seventh Avenue, 16th Floor<br>New York, NY 10018**



**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TTY (212) 336-3622
Fax: (212) 336-3625

Respondent: BAGIR INTERNATIONAL
EEOC Charge No.: 520-2011-01464
FEPA Charge No.:

March 8, 2011

Timothy Danser
40 Sycamore
East Hampton, NY 11937

Dear Mr. Danser:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ X ]   Title VII of the Civil Rights Act of 1964 (Title VII)

[ ]   The Age Discrimination in Employment Act (ADEA)

[ ]   The Americans with Disabilities Act (ADA)

[ ]   The Equal Pay Act (EPA)

[ ]   The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, *Charge of Discrimination, is a summary of your claims based on the information you provided.* Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge.  Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

(1)   Review the enclosed charge form and make corrections.

(2)   Sign and date the charge in the bottom left hand block where I have made an "X".  For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

(3)   Return the signed charge to this office.

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5).  Please sign and return the charge within thirty (30) days from the date of this letter.  Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court.

[X]                       Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to the agency listed below as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process.  If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Thomas  Perez
Investigator
(212) 336-3778

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.
www.eeoc.gov

Enclosure(s)
    Copy of EEOC Form 5, Charge of Discrimination
    Copy of EEOC Uniform Brochure, "What You Should Know Before You File A Charge With EEOC."

**Reference:**

**Bagir International**
**EEOC Charge No:  520-2011-01464**

**Thomas,**

On the above referenced claim there are few adjustments to be made.

ADD Bagir LTD and FIMI to Companies Charged in the Complaint.
ADD Mr. Samuel Vlodinger, Chairman of the Board of Bagir LTD

 Bagir LTD is the parent company of Bagir International, Mr. Taragan is the CEO of Bagir LTD.  FIMI owns 50% of Bagir, Mr. Taragan sits on the board of FIMI.  Mr. Samuel Vlodinger is the Chairman of the Board at Bagir LTD and also sits on the board of FIMI.   Both Bagir LTD and FIMI were part of the decision making process.

Bagir LTD
44 Israel Pollak Rd
Kiryat Gat, Israel 82101

FIMI
Rubenstein House
37 Menachem Begin Road
Tel-Aviv, Israel 67137

**Revisions to claim**

Please Change  National Original  I am USA citizen.  My heritage is Scottish.

The discrimination part of the claim is of two different kinds — national origin (non-Israeli) and religion (non-Jewish). The decision-makers are all Israeli nationals and Jewish and I  am neither. This is  why I did not get the promotion.  For this reason I would like to add members from FIMI and Bagir International as they all set on the board to make the final decision.

From retaliation would like to emphasize — When I complained, I was harassed till eventually forced out. Even after meeting with attorneys on both sides the evening of the November 19th when I was fired,  it was agreed no one would say anything to the industry until we agreed on message.

Bagir further retaliated (and also breached the agreement) when Moses and Danny forced my assistant to send an email to the entire industry announcing I was no longer with Bagir.  When Danny was asked about this he denied any knowledge.

Moses has sense made false post-employment statements about me to industry persons which damaged my reputation and interfered with my ability to find a new position.

While we were trying to come to terms Bagir required everyone in the NY office, expect myself, to bring diploma's to verify education level to further hire another non-US citizen to the NY office.  Many times Mr Alalof said the US office was not smart and no one was a business man.

## Addition Call Outs

When the retaliation begins, I asked for associate handbook to verify the procedure from Mr. Alalof, Mr. Taragan, and Chani Zerbib HR Manager in Israel.

Mr. Taragan told me I had to take Mr. Alalof's abusive behavior because he was my boss.

There has never been a non-Jewish or non-Israeli senior over the US Office.

## Additional Questions

I noticed it says you will file additional claims on my behalf but not sure what that includes.  When I first started with Bagir they reported my income incorrectly and did not pay taxes on my income.   I had paid all my taxes but had a tax lien filed against me in NY State.  I would like to get this removed from my credit file as it not my fault.  I addressed this with Bagir numerous times but they would not correct.

I would like to blow the whistle on Bagir International, Bagir LTD, and FIMI.  There are tax evasion issues and improper accounting on many fronts.  They are cheating the US and NY state of tax revenue.

Let me know if there is any further needed information.

Tim Danser
40 Sycamore Drive
East Hampton, NY 11937
214 243 7087

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|

**CHARGE OF DISCRIMINATION**

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:

- [ ] FEPA
- [X] EEOC

Agency(ies) Charge No(s):

**520-2011-01464**

**New York State Division Of Human Rights**                    and EEOC

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Timothy Danser** | **(214) 243-7087** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **40 Sycamore, East Hampton, NY 11937** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **BAGIR INTERNATIONAL** | **Unknown** | **(212) 560-9650** |

| Street Address | City, State and ZIP Code |
|---|---|
| **499 Seventh Avenue, 16th Floor,  New York, NY 10018** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

- [ ] RACE
- [ ] COLOR
- [ ] SEX
- [X] RELIGION
- [X] NATIONAL ORIGIN
- [X] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] GENETIC INFORMATION
- [ ] OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**

Earliest            Latest

**11-16-2010**

- [ ] CONTINUING ACTION

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s)):*

I am a white male of Scottish National Origin. I was employed by Bagir International from December of 2008 until my forced resignation on November 19, 2010. I have performed my duties satisfactorily.

I believe I was discriminated against by my employer on the basis of my National Origin (Scottish), and also have been subject to retaliation. Specifically, On August 23, 2010,  I was passed over for promotion for President . When I inquired to the CEO Mr. Alalof he stated that I was not "one of their kind" and" did not speak their language (Hebrew)". On August 26, 2010, I complained to the Corporate CEO Mr. Taragan who simply laughed at me and failed to take any action. Subsequently due to a now hostile work environment I was forced to accept a separation agreement in order to avoid bad references. Bagir has since then not complied with the separation agreement. All of these actions were originally based on the company's failure to promote me based on my National origin.

Based on the above, I believe I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and other applicable Federal, state, and local anti-discrimination statutes.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

**3/22/11**

_Date_        _Charging Party Signature_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)   March 23, 2011

MARY E. CROGHAN
Notary Public, State Of New York
No. 01CR6005486
Qualified In Suffolk County
Commission Expires July 14, 20 11

*Document Submitted to EEOC*

[DRAFT: October 26, 2010]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
TIMOTHY DANSER,                                    Index No.

                    Plaintiff,

        -against-                            **VERIFIED**
                                             **COMPLAINT**
BAGIR INTERNATIONAL, INC., BAGIR GROUP
LTD., FIMI OPPORTUNITY FUND, SAMUEL
VLODINGER, individually and as a Senior Partner of
defendant FIMI and Chairman of the Board of defendant
Bagir, ISHAY DAVIDI, individually and as Chief
Executive Officer of defendant FIMI, DANNY TARAGAN,
individually and as Chief Executive Officer of defendant
Bagir Group, MOSHE GADOT, individually and as Director
of defendant Bagir, DORON ABRAMOVITCH, individually
and as Director of defendant Bagir, YOSSI ALALOF,
individually and as Chief Executive Officer and Director of
Bagir, and JOHN and JANE DOES "1" through "5" being
those unnamed individuals who aided and abetted
defendants' discriminatory and tortious conduct,

                    Defendants.
-----------------------------------------------------------------X

        Plaintiff, Timothy Danser, by his attorneys, Kaiser Saurborn & Mair, P.C., as and for his

complaint against the defendants, alleges as follows:

### PARTIES, JURISDICTION, AND NATURE OF ACTION

        1.      Plaintiff, Timothy Danser, is a natural person, born a United States citizen and a

resident of the County, City and State of New York.

        2.      Upon information and belief, defendant Bagir International Inc. is a corporation

organized under the laws of the State of New York and maintains its principal office in the

County, City and State of New York.

        3.      Upon information and belief, defendant Bagir Group Ltd. is a corporation

[DRAFT: October 26, 2010]

organized under the laws of Israel, maintains its principal office for the conduct of business in

Kiryat Gat, Israel as well as sales offices in many countries around the world, including in the

County, City and State of New York.

4.     Upon information and belief, defendant Fimi Opportunity Fund is a limited

partnership organized under the laws of Delaware and maintains its principal office for the

conduct of business in Tel-Aviv, Israel.  Fimi controls Bagir International thorough its direct or

or indirect ownership of defendants Bagir Group and its subsidiary Bagir International.

5.     Upon information and belief, defendant Samuel Vlodinger is a natural person and

is a citizen and resident of Israel.  Mr. Vlodinger is a Senior Partner of defendant FIMI, as well

as Chairman of the Board of defendant Bagir.

6.     Upon information and belief, defendant Ishay Davidi is a natural person and is a

citizen and resident of Israel. Mr. Davidi is Chief Executive Officer of defendant FIMI.

7.     Upon information and belief, defendant Danny Taragan is a natural person and is

a citizen and resident of Israel,  Mr. Taragan is Chief Executive Officer of Bagir Group Ltd.

8.     Upon information and belief, defendant Moshe Gadot is a natural person and is a

citizen and resident of Israel. Mr. Gadot is an officer and director of defendant Bagir.

9.     Upon information and belief, defendant Doron Abramovitch is a natural person

and is a citizen and resident of Israel.  Mr. Abramovich is an officer and director of defendant

Bagir.

10.    Upon information and belief, defendant Yossi Alalof is a natural person and is a

citizen and resident of Israel.  Mr. Alalof is an officer of defendant Bagir.

2

[DRAFT: October 26, 2010]

11.   Upon information and belief, defendants John and Jane Does "1" through "10" are officers and/or directors of the defendant entities who have aided and abetted the discriminatory conduct.

12.   Because the plaintiff and defendant Bagir International are residents of New York County, New York County is the proper venue for this action pursuant to CPLR § 503(a) and (c).

13.   This action seeks compensatory and punitive damages for defendants' contractual violations and illegal conduct under the New York State and New York City anti-discrimination statutes relating to the discriminatory treatment of the plaintiff.

## FACTS GIVING RISE TO THE CLAIMS

### *The Employment Contract*

14.   By a written agreement, a true and correct copy of which is annexed hereto as Exhibit "A" (hereinafter the "Agreement"), defendant Bagir International agreed to employ Mr. Danser for a two-year term beginning on December 1, 2008.

15.   In the discussions leading up to his accepting employment with Bagir International, and continuing throughout the course of his employment with the company, Bagir's representatives and controlling shareholders, including defendants Bagir Group and Fimi, repeatedly promised and reassured Mr. Danser that he would be appointed the next president of Bagir, once the company's contractual obligations to the then-existing president had expired.

16.   Based on these representations and assurances, including the promises made in the Agreement, Mr. Danser agreed to become an employee and officer of Bagir, initially as Vice

3

**[DRAFT: October 26, 2010]**

President – Marketing.

17.     Mr. Danser devoted his time and energies to soliciting customers for the company's products and otherwise developed, promoted, enhanced and advanced the defendants' business plan and its reputation.

18.     Mr. Danser generated and retained substantial revenues for Bagir which exceeded those of prior years by pursuing and opening new client accounts and convincing existing accounts to continue to purchase product from Bagir despite substantial quality or other issues which threatened that business.

***Bagir Breaches the Agreement***

19.     Despite his achieving performance targets in both new customers and revenues, defendant Bagir failed to compensate Mr. Danser in accordance with the Agreement.

20.     Bagir also failed to comply with its contractual obligations in other respects, including establishing and funding a 401(k) account, and in paying Mr. Danser for his relocation costs but improperly characterizing those payments for income tax purposes and unlawfully shifting a greater tax burden to Mr. Danser.

21.     Bagir also acted in violation of its duties of good faith and fair dealing in its contact with Mr. Danser in acting as aforesaid and also in improperly manipulating Bagir's financial records and artificially structuring its financial transactions with other companies including and/or operated and controlled by Bagir Group and FIMI so as to make Bagir International's financial performance and its profitability to be materially less than it actually is, and to thereby expose Mr. Danser to potential damage to his reputation and liability for their

4

[DRAFT: October 26, 2010]

illegal activity.

*Mr. Danser Suffers Discrimination*

22.     In or about late July, Bagir's then-President left the company and Mr. Danser assumed those day-to-day duties and responsibilities.

23.     In late August 2010, and with no warning to Mr. Danser, the defendants announced that Moses Cohen, a former employee, would become the next president of Bagir as of October 1, 2010.

24.     In selecting, Mr. Cohen, who is less qualified than Mr. Danser but is Jewish and Israeli, the defendants illegally discriminated against Mr. Danser based on his nationality, ethnicity or religious background.

25.     Upon information and belief, the discriminatory decision was made by the representatives of defendants Bagir Group and its controlling shareholder, defendant Fimi, including the individual defendants who made or aided and abetted the discriminatory decision.

26.     Notwithstanding their knowledge that the decision was motivated by improper and illegal considerations, and that Mr. Danser objected to the discriminatory treatment, the defendants refused to remedy the illegal action and thereby acted intentionally, callously and recklessly in disregarding their legal obligation to eradicate discriminatory behavior.


## AS AND FOR A FIRST CAUSE OF ACTION

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26 " as if and incorporated and reiterated herein.

5

[DRAFT: October 26, 2010]

28.     Defendants breached their obligations of good faith and fair dealing, as well as the terms and conditions of the Agreement with plaintiff.

29.     As a result thereof, plaintiff has been damaged in a sum to be determined at trial but believed to exceed $100,000.

## AS AND FOR A SECOND CAUSE OF ACTION

30.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1 " through "26" as if incorporated and reiterated herein.

31.     Defendants have wrongfully retained the proceeds and benefits derived from the services plaintiff provided to defendants' or for their benefit and, by failing to fully pay for same, have thereby been unjustly enriched.

32.     As a result thereof, plaintiff has been damaged in a sum to be determined at trial but believed to exceed $100,000.

## AS AND FOR A THIRD CAUSE OF ACTION

33.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if separately alleged and reiterated herein.

34.     Defendants have discriminated against plaintiff in the terms and conditions of his employment because of his ethnicity or national origin, in violation of New York State Executive Law § 296, *et seq.*

35.     As a result, plaintiff has suffered damages for lost past and future earnings, other

6

[DRAFT: October 26, 2010]

employment benefits, and emotional injuries in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

36.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if separately alleged and reiterated herein.

37.    Defendants discriminated against plaintiff based on his nationality, ethnicity or religious background in violation of the New York City Administrative Code §§ 8-107 and 8-502, *et seq.*

38.    As a result, plaintiff has suffered damages for lost past and future earnings, other employment benefits, and emotional injuries in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION

39.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if separately alleged and reiterated herein.

40.    By reason of the foregoing, plaintiff is entitled to an order and judgment of this Court declaring that his rights have been violated, ordering the defendants to undertake remedial measures, enjoining defendants from engaging similar future unlawful conduct, and requiring defendants to create and implement guidelines and procedures intended to prevent similar future unlawful conduct, including the appointment of a monitor at the defendants' expense for a period of not less than two years to ensure the defendants' compliance with the terms hereof.

WHEREFORE, plaintiff demands judgment against defendants as follows:

(i)    On the First Cause of Action, actual damages against defendant Bagir

7

[DRAFT: October 26, 2010]

International in an amount to be determined at trial;

(ii)     On the Second Cause of Action, actual damages against all responsible defendants in an amount to be determined at trial;

(iii)    On the Third Cause of Action, actual damages against all responsible defendants in an amount to be determined at trial;

(iv)    On the Fourth Cause of Action, actual and punitive damages against all responsible defendants in an amount to be determined at trial;

(v)     On the Fifth Cause of Action, ordering the defendants to implement remedial and preventative measures and reporting and monitoring, and enjoining future similar illegal conduct, each on terms to be determined by the Court;

(vi)    Statutory attorney's fees pursuant to §8-502 of the New York City Administrative Code;

(vii)   Disbursements and other costs; and

(viii)  For such other relief which the Court deems just and proper.

Dated: New York, New York
        October 26, 2010

                        KAISER SAURBORN & MAIR, P.C.
                        Attorneys for Plaintiff


                By:_____
                        Henry L. Saurborn, Jr.
                        111 Broadway, 18th floor
                        New York, New York 10006
                        (212) 338-9100

**[DRAFT: October 26, 2010]**

<u>VERIFICATION</u>

STATE OF NEW YORK   )
                          ) ss.:
COUNTY OF NEW YORK )

        Timothy Danser, being duly sworn, deposes and says:

1.       I am the plaintiff in this action.

2.       I have read the foregoing Complaint and know the contents thereof to be true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.


                                    _____
                                       Timothy Danser

Sworn to before me this
   th day of October 2010.

_____
   Notary Public

9

*Relief Document Submitted to EEOC*

October 15, 2010

**BY EMAIL**
Francine Alfandary, Esq.
Pearl Cohen Zedek Latzer LLP
1500 Broadway, # 12
New York, NY 10036-4068

**BY EMAIL**
Danny Taragan, CEO
Bagir Group Ltd.
Israel Pollack Road 44
Kiryat Gat, Israel 82101

Re: Mr. Timothy Danser

Dear Francine and Danny:

Per our telephone conversation yesterday, I write to convey the following settlement proposal on behalf of Mr. Danser for your consideration. The damages Mr. Danser will be able to assert are based on both a breach of the parties' contract, as well as a discriminatory failure to promote/hire, which exist independently and are addressed separately.

Contract damages:

| | | |
|---|---|---:|
| 401(k) contribution @ 10% of gross[1] for 2009 and 2010 | | $50,000 |
| 2009 bonus | | 35,000 |
| 2010 bonus[2] | | 35,000 |
| Excess tax on relocation payment (failure to withhold and pay W-2) | | 3,000 |
| | Total | $123,000 |

Discrimination:

| | |
|---|---:|
| Lost salary @ $330,000 for such time as it would take Mr. Danser to secure a comparable position, less anticipated replacement income | $682,500[3] |

---

[1] Based on Mr. Danser's comparable benefit while employed at J.C. Penney and Sears.

[2] Although the amount of Mr. Danser's 2010 bonus has not been announced, the company's revenues for the current year are running substantially ahead of 2009 and he also assumed greater responsibility during the months between Mr. Kimmel's departure and Mr. Cohen's start.

[3] Based on Steve Kimmel's salary and projected out 33 months @ standard $10,000/mo. for job replacement, less $150,000 replacement after 15 months.

Francine Alfandary and Danny Taragan
Re: Timothy Danser
October 15, 2010
– Page 2 –

|  | ($150,000) | | |
|---|---|---|---|
|  | Emotional injuries (garden variety) |  | $25-75,000 |
|  | Attorneys fees |  | T.B.D. |
|  |  | Total | $707-757,000 |

As a compromise, and in order to settle this matter expeditiously, Mr. Danser would be willing to resolve all of his claims for the amount of his contractual damages, plus a severance payment equal to 12 months salary at what he could have expected to receive had he been appointed President, as promised, for a total of $453,000.   In addition, Bagir would also have to agree to maintain Mr. Danser's present medical insurance coverage at its sole cost and expense, until the earlier of 12 months or  such time as he becomes eligible for coverage through a subsequent employer's plan.

Should Bagir wish Mr. Danser to also enter into a non-compete and confidentiality agreement, as Danny had indicated was important during their initial discussion, the demand would have to be increased to at least two years' salary to account for (i) the considerably narrowed universe of employment opportunities that Mr. Danser would be eligible to pursue, and (ii) longer time it will take to obtain suitable re-employment.

I stand prepared to clarify any of these issues if you have questions concerning same.

This proposal is made solely to advance our settlement discussions and on condition that it is without prejudice to Mr. Danser's legal rights and remedies, all of which are expressly reserved.

Very truly yours,

Henry L. Saurborn, Jr.

HLS/ho

*Breached Agreement*
*Submitted to EEOC*

**CONFIDENTIAL**

November 29, 2010

Mr. Timothy Danser
c/o Henry L. Saurborn, Jr.
Kaiser Saurborn & Mair, P.C.
111 Broadway, 18th floor
New York, New York 10006

Dear Tim:

You have served as Vice President-Marketing of Bagir International Inc. (the "Company") since December 1, 2008, pursuant to the terms of a letter agreement signed November 24, 2008 (the "Employment Agreement"). This letter agreement terminates your Employment Agreement and sets forth the terms of your separation from employment with the Company is prepared to offer you in connection with your separation from employment. All capitalized terms not defined herein shall have the meanings set forth in the Employment Agreement.

1.     Separation. The Employment Agreement and your employment with the Company shall cease effective November 30, 2010 (the "Separation Date").

2.     Payments; Benefits.

2.1     Base Compensation. The Company will pay your salary to you through the Separation Date.

2.2     Vacation and Sick Pay. The Company will pay to you an amount equal to the prorated value of your accrued but unpaid vacation and sick time through the Separation Date.

2.3     Severance Payment. In lieu of the ten weeks' salary payable to you pursuant to Section 9 of the Employment Agreement, entitlement to which you hereby waive, and in consideration of the release of liability you provide pursuant to this agreement, the Company will pay to you a lump sum amount of $130,000. Payment shall be delivered to the attention of your counsel, Henry L. Saurborn, Jr., at Kaiser Saurborn & Mair, P.C., 111 Broadway, 18th Floor, New York, New York 10006 within 21 days of the receipt by the Company's counsel of a copy of this Agreement, signed by you,

1

including your signature to the Release attached hereto as Exhibit A. You shall be issued a Form 1099 at an appropriate time in connection with this payment and shall be responsible for your own tax payments and computations of tax liability.

You acknowledge that the Company has made no representations concerning whether any amounts paid pursuant to this agreement are subject to taxation. You, and not the Company or any Company Parties as defined in paragraph 3.1 of this letter agreement, will assume any and all responsibilities for taxes which may be imposed by any taxing authority in connection with the amounts you receive pursuant to this agreement. You agree to indemnify the Company Parties and hold the Company Parties harmless for any taxes, penalties, and associated accounting or attorney fees that may result from the tax treatment of payments pursuant to this Agreement.

2.4     <u>Additional Compensation and Benefits</u>. You will retain your eligibility to participate in the Company's group medical plans at your own expense in accordance with applicable law. Information regarding these rights will be sent to you under separate cover. Any vested rights you may have with respect to stock options, if any, granted to you by the Company or the Bagir Group remain in effect according to their terms. You acknowledge that you are not entitled to any bonus for 2009 or 2010.

2.5     <u>Business Expenses</u>. The Company will pay you for any unreimbursed out-of-pocket business expenses incurred by you prior to the Separation Date, upon your presentation of documentation within thirty (30) days of the Separation Date, in accordance with Company policies.

2.6     <u>Acknowledgement</u>. You acknowledge and agree that the Company has no obligation to make any payments or benefits to you other than as set forth in this Section 2. Subject to your receipt of such payments and benefits, you hereby waive any and all other claims for compensation in any form, including attorneys' fees. Without limiting the generality of the foregoing, you expressly waive any right or claim that you may have or assert to employment or reinstatement to employment with the Company or payment from the Company for back pay, front pay, interest, bonuses, warrants, incentives, damages, accrued vacation, accrued sick leave, medical, dental, optical, or hospitalization benefits, accidental death and dismemberment coverage, insurance premiums, issuance of securities, relocation benefits, education benefits, life insurance benefits, overtime, severance pay, liquidated damages, and or attorneys' fees, except as may specifically be provided in this letter agreement.

You expressly agree to protect, indemnify, defend, and hold the Company harmless from and against any and all costs or expenses (including but not limited to reasonable attorneys' fees and damages) that the Company may incur as a result of the assertion of any claim by any attorney or representative against the Company for attorneys' fees, costs, or disbursements for services rendered to you or rendered on your behalf.

3.     <u>Relocation Expense Reimbursement Waiver; Release of Claims</u>. You acknowledge that under Section 2 of the Employment Agreement, you would be obligated to reimburse the Company for $30,000 in relocation expenses. The Company hereby agrees to waive such obligation of reimbursement in consideration for your agreement to the release of claims set forth in this Section 3.

Subject to and conditioned upon the full performance by each of the parties of its obligations under this letter agreement:

3.1     In exchange for the benefits received under this letter agreement, you, on behalf of yourself and your heirs, executors, administrators, successors, and assigns, in consideration of the payments set forth in this Agreement and other good and valuable consideration, hereby release, forever discharge, and agree not to pursue or further any action, cause of action, right, suit, debt, compensation, expense, liability, contract, controversy, agreement, promise, damage judgment, demand, or claim whatsoever at law or in equity, whether known or unknown, which you ever had, now have, or hereafter can, shall, or may have for, upon, or by any reason of any matter, cause or thing (collectively, "Employee Claims") whatsoever, occurring up to and including the date you sign this letter agreement, against the Company, its current or former parents, affiliates, successors, assigns, directors, officers, owners, or representatives and all of their respective employees, agents, officers and directors (the "Company Parties"); except with respect to the obligations of the Company set forth in this letter agreement. You hereby release, acquit, and forever absolutely discharge the Company Parties of and from all of the foregoing, except with respect to the obligations of the Company set forth in this letter agreement. Such Employee Claims include, but are not limited to, all claims for breach of contract, wrongful discharge, impairment of economic opportunity, intentional infliction of emotional harm, defamation or other torts, or claims under any applicable federal, state or local law, including any and all federal, state and local employment and anti-discrimination laws, including without limitation the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 *et. seq.*; the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*; the Civil Rights Act of 1991, as amended, 29 U.S.C. Section 1981a *et seq.*; the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201 *et seq.*; the Equal Pay Act, 29 U.S.C. Section 206(d)(1); the Americans with Disabilities Act, 42 U.S.C. Section 12101 *et seq.*; the Reconstruction Era Civil Rights Act, as amended, 42 U.S.C. Section 1981 *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 701 *et seq.*; the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. Section 2601 *et seq.*; the Occupational Health and Safety Act of 1970, as amended, 29 U.S.C. Section 651 *et seq.*; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001 *et seq.*; the National Labor Relations Act, as amended, 29 U.S.C. Section 141 *et seq.*; the New York Human Rights Law, New York Executive Law Section 290 *et seq.*; and the New York City Administrative Code. Notwithstanding anything herein to the contrary, such Employee Claims will under no circumstances include any action, cause of action, right, suit, debt, compensation, expense, liability, contract, controversy, agreement, promise, damage judgment, demand or claim relating to, arising under or arising in connection with any breach by the Company of this letter agreement. You covenant never to file a lawsuit asserting any of the claims that are released in this Section 3.1.

3.2     You further acknowledge that (a) by this letter agreement, the Company has advised you in writing to consult with an attorney prior to executing this letter agreement, (b) you have had the opportunity to read, review and consider all of the provisions of this letter agreement, (c) you understand its provisions and its final and binding effect on you, (d) you are entering into this letter agreement freely, voluntarily, and without duress or coercion, and (e) you understand that you have twenty-one (21) days from the date of distribution of this letter agreement to review and consider its provisions and you have an additional seven (7) days following your execution of this letter agreement to revoke your agreement (the **"Revocation Period"**) and this letter agreement shall not become effective or enforceable until the Revocation Period has expired.

4.     Continuing Obligations.  You remain bound by the obligations set forth in the Confidentiality Agreement between you and the Company, which you executed on November 24, 2008.  You

acknowledge and agree that, in the event that you breach any such obligations, the Company will be irreparably harmed and will not have an adequate remedy at law. Therefore, in the event of such a breach, the Company shall be entitled to injunctive relief, in addition to (and not exclusive of) any other remedies (including monetary damages) which the Company may be entitled under law.

5.    <u>Company Property</u>. You represent that you have returned to the Company all property belonging to the Company that is in your possession or under your control, including without limitation, all paper and electronic documents in any medium, CDs, diskettes or other magnetic media, letters, notes, files, reports, business cards, business plans and forecasts, financial information, passwords, and other papers in your possession and relating to your employment with the Company, including any and all copies of same, as well as any equipment and/or other property belonging to the Company which was placed at your disposal, including credit cards, telephone equipment, PDAs, modems, computers, badges, keys, or any other equipment. The Company shall promptly return to you your personal property and files. You hereby represent that you are not aware of any personal property or files belonging to you that is in the Company's possession.

6.    <u>Confidentiality</u>.

   6.1    The parties hereto agree that the terms and conditions of this letter agreement are strictly confidential. Neither party shall divulge the terms of this letter agreement to third parties, except as required by applicable law or to enforce this letter agreement or to defend against a claim related thereto. The Company may reveal the terms of this letter agreement to its accountants, legal counsel, and directors. You may reveal the terms of this letter agreement to your accountants, legal counsel, and immediate family.

   6.2    You agree not to make any statement to any third party (other than to your accountants, legal counsel, tax advisors, or immediately family) regarding the Company or its affiliates other than in connection with an employment opportunity, as may be required by applicable law, or to enforce this letter agreement or to defend against a claim related thereto, and except for reasonable business claims in connection with permitted competition.  By signing this letter agreement you acknowledge and agree that you are have not filed any action, complaint, charge, grievance, or arbitration against the Company or the Company Parties, and you have not communicated with any administrative agency regarding your employment with the Company, your separation from employment with the Company, or otherwise. Nothing contained in this agreement shall prevent you or the Company from testifying truthfully under oath pursuant to any lawful court order or subpoena, providing truthful responses to inquiries from government agencies, or otherwise responding to or providing disclosures required by law. You further acknowledge and agree, however, that you are not entitled to any damages, award, or compensation in connection with any claim, charge, complaint, or action brought against any Company Parties on your behalf or on behalf of others.

7.    <u>Non-Disparagement</u>.

   7.1    You shall not at any time disparage or defame the reputation of the Company, its affiliates, or their respective officers, directors, employees, or agents, or their respective products, services, or employment practices.

4

7.2     The Company shall provide you with a letter of recommendation substantially in the form attached hereto as Exhibit B, on Company letterhead and signed by the President and CEO of Bagir International, Inc.  Any inquiries from your prospective employers shall be directed to Moses Cohen, President and CEO of Bagir International, who shall respond in a manner consistent with Exhibit A. The Company agrees to direct Mr. Cohen not to directly or indirectly disparage or criticize you, or issue any communication, written or otherwise, that reflects adversely on you.

7.3     At a mutually agreeable time, the Company shall issue a statement via electronic mail to its principal suppliers and industry contacts announcing your departure.  The content of the statement will be substantially that of the letter of recommendation attached hereto as Exhibit B.

8.      <u>Governing Law; Jurisdiction</u>. The substantive laws of the State of New York will govern the interpretation and enforcement of this letter agreement, without regard to its choice of law rules. The parties consent to the jurisdiction of the federal and state courts in New York, New York over any action to enforce this letter agreement.

9.      <u>Entire Agreement, etc</u>. This letter agreement represents the entire understanding between the parties, and there are no agreements or understandings which have not been set forth herein. This letter agreement supersedes any prior understanding or agreement, written or oral, between you and the Company relating to your employment or compensation, except with regard to the confidentiality provisions of your Employment Agreement. This letter agreement may not be modified except by a written instrument signed by you and the Company. This letter agreement may be executed in counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This letter agreement shall be binding upon the parties' heirs, executors, administrators, successors, and assigns.

Please indicate your agreement with the foregoing by signing a counterpart of this letter agreement and returning it to the undersigned.

Very truly yours,

BAGIR INTERNATIONAL, INC.

By: _____
Name: _____
Title: _____

AGREED:

_____
TIMOTHY DANSER

5

EXHIBIT A

## To all to whom these Presents shall come or may Concern, Know that

TIMOTHY DANSER, as RELEASOR,

in consideration for the pre-tax sum of

One Hundred Thirty Thousand and 00/100 Dollars ($ 130,000),

received by his attorneys, Kaiser Saurborn & Mair, P.C., on his behalf from

BAGIR INTERNATIONAL, INC. ("Bagir"), as RELEASEE,

receipt of which is hereby acknowledged, releases and discharges

Bagir, the Releasee's current and former parents, subsidiaries, successors, assigns, affiliates, officers, directors, supervisors, managers, agents, representatives, employee benefit plans, each and every member of the Board of Directors of the Company, and any Company affiliate, individually and collectively, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors, and assigns ever had, now have, or hereafter can, shall, or may, have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, except as may be provided in the Settlement Agreement of which this is a part.

The words "RELEASOR" and "RELEASEE" include all releasors and releasees, respectively, under this RELEASE.

This RELEASE may only be changed by written agreement of the parties.

6

IN WITNESS WHEREOF, this Release has been executed by the undersigned.

Dated: _____, 2010.

TIMOTHY DANSER

_____

Timothy Danser


State of                    )
                            )ss.:
County of                   )

Sworn to before me, a Notary Public,
this _____ day of _____, 2010.

_____

Notary Public
My commission expires:

7

EXHIBIT B

December 1, 2010

To Whom It May Concern:

    Tim Danser served as Bagir International Inc.'s Vice President - Marketing from December 1, 2008 through November 30, 2010.  Tim's performance during the past two years, as the market faced the worst recession since the Great Depression, helped turn the company around and contributed to the company's results in the North American market.

    It is with great pleasure that I recommend Tim for future employment. Tim's exceptional skills and vision in our industry have been a substantial asset to Bagir. His customer-focused vision inspired Bagir to improve upon our existing technology and business strategy and helped drive the launch of Bagir's machine wash and tumble dry suit.

    He has shown tireless dedication in his service and he has been considered one of the company's assets. We wish him success in all of his future career endeavors.

Sincerely,

Moses Cohen
President and Chief Executive Officer
Bagir International, Inc.