UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY L. DANSER,

                Plaintiff,

        v.

BAGIR INTERNATIONAL, INC. *et al.*,

                Defendants.

12 Civ. 5102

**OPINION**

---

*Pro se* plaintiff Timothy Danser brings this action against his former employer, his employer's parent companies, and executives of these companies. He argues that because he was not Jewish or Israeli, he was mistreated at the company, passed over for a promotion, and forced out.

Defendants move to dismiss the complaint. Danser moves for a default judgment against certain defendants.

The motions to dismiss are granted, and the motions for default judgment are denied.

**The Complaint**

This action is against former employer Bagir International, Inc.; Bagir Group Ltd., the parent company of Bagir International; and FIMI Opportunity Fund, which allegedly owns and controls Bagir Group Ltd. Danser also names several individual defendants—Samuel Vlodinger, Ishay Davidi, Danny

1

Taragan, Moshe Gadot, Doron Abramovitch, Yossi Alalof, and Moses Cohen. All of these defendants are executives in the defendant companies.

Danser alleges that he was induced to accept a position as Vice President of Marketing at Bagir International because defendants promised him that he would be appointed the next president of the company once the contract with the current president expired.  He alleges that defendants breached the terms of his employment agreement by failing to establish a 401(k) account; failing to pay Danser's relocation expenses; mischaracterizing his income for tax purposes; and damaging his reputation through their attempts to avoid paying taxes.

It is alleged that despite his success as vice president, Danser was not promoted to president of Bagir International.  Rather, a former employee, defendant Moses Cohen was appointed.  Defendants allegedly chose Cohen instead of Danser because Cohen is Israeli and Jewish; Danser is neither.

Danser's complaint concedes that he executed a Separation Agreement and General Release on December 17, 2010, but he contends that defendants breached the agreement by not complying with federal health-insurance laws; canceling his dental insurance; using his personal credit cards for business expenses; failing to send his IRS Form 1099 in a timely manner; and damaging his reputation.

Based on these allegations, Danser alleges breach of contract, unjust enrichment, and employment discrimination in violation of Title VII, 42 U.S.C.

§§ 2000e–2000e-17; New York State Human Rights Law, N.Y. Exec. Law §§ 209–297; and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101–131.

Danser filed his complaint on June 29, 2012.  On October 5, 2012, Bagir International filed a timely motion to dismiss the complaint.  On December 21, 2012, Danser moved for default judgment against Bagir Group, Taragan, and Gadot because they had not responded to the complaint, even though they had been properly served.  But on January 8, 2013, this court granted an application to extend time to respond to the complaint and oppose the default judgment.  The application was filed on behalf of all the other defendants who had not yet responded—FIMI Opportunity Fund, Bagir Group, Vlodinger, Davidi, Taragan, Gadot, Abramovitch, Alalof, and Cohen.  On January 16, 2013, these defendants filed a motion to dismiss, joining Bagir International's pending motion to dismiss and adding arguments of their own.  On January 22, Danser filed a second motion for default judgment, this time against FIMI Opportunity Fund, Vlodinger, and Davidi, even though these defendants had already responded to the complaint.

**Discussion**

*Motions to Dismiss*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint. Id. The court may, however, consider documents attached to the complaint, incorporated by reference into the complaint, or known to and relied on by the plaintiff in bringing the suit. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  A *pro se* plaintiff "is entitled to a particularly liberal reading" of his complaint. Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011).  However, to survive a motion to dismiss, even a *pro se* plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Johnson v. City of New York, 669 F. Supp. 2d 444, 448–49 (S.D.N.Y. 2009).

Here, Danser signed a separation agreement that released defendants from liability for claims based on defendants' conduct before December 17, 2010.  The agreement stated that Danser released "any . . . cause of action . . . whatsoever at law or equity, known or unknown that you ever had, now have or hereafter may, can, or shall have . . . occurring up to and including the date you sign this letter agreement."  Danser's complaint does not allege that the contract is unenforceable and void.  In fact, the agreement

4

explicitly states that Danser signed it freely, voluntarily, and without duress or coercion. To the extent Danser attempts to state claims based on defendants' conduct prior to December 17, 2010, those claims are dismissed.

Danser also alleges that defendants breached the separation agreement. Danser's complaint, however, fails to satisfy even the liberal *pro se* pleading standard because the facts he alleges are not sufficient to state a plausible claim. Although Danser makes four conclusory statements about defendants' alleged misconduct, he does not state how this alleged misconduct beaches the agreement. Nor does Danser provide any facts underlying defendants' alleged breach. Thus, Danser's complaint does not "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

First, Danser alleges that defendants did not comply with the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) and canceled his dental insurance. Danser pleads no facts to support these conclusory allegations, so they are insufficient as a matter of law. Moreover, the agreement provided that Danser would be eligible to participate in Bagir International's medical plan at his expense in accordance with applicable law. Thus, to allege a breach of the agreement on these grounds, Danser must plead facts showing that Bagir International did not comply with "the applicable law." Danser fails to state a claim under COBRA because COBRA only applies to employers with twenty or more employees, 29 U.S.C. § 1161(b), and Danser's

complaint does not allege that Bagir International has the requisite number of employees. Additionally, if the "applicable law" is New York state law, Danser has also failed to state a claim because New York does not require employers to extend group dental coverage to former employees. See N.Y. Ins. Law § 3221(m).

Second, Danser alleges that Bagir International used his personal credit cards for business expenses. The agreement provided that Bagir International would reimburse any out-of-pocket business expenses that Danser had incurred prior to his separation date if he submitted the requisite paperwork within thirty days of his termination. But Danser does not allege that he submitted any reimbursement requests to Bagir International that it refused to pay. Danser's allegation sounds like credit-card fraud, which may be a violation of criminal law, but is not sufficient to state a claim for breach of the separation agreement.

Third, Danser alleges that defendants failed to send his IRS Form 1099 in a timely manner. Danser's allegation concedes that he received the Form 1099, and the agreement only provided that Bagir International would issue the form. Thus, this allegation cannot support a claim for breach of contract. Moreover, this allegation cannot support an independent cause of action because there is no private cause of action for delayed filing of a Form 1099. Cf. Katzman v. Essex Waterfront Owners LLC, 660 F.3d 565, 568 (2d Cir. 2011).

Fourth, Danser alleges that defendants breached the contract by damaging his reputation. But he does not allege the defamatory words with particularity. See Bruker v. City of New York, 92 F. Supp. 2d 257, 268 (S.D.N.Y. 2000) (dismissing a *pro se* plaintiff's defamation claim for failure to identify the defamatory words). Nor does he allege that the defamation occurred after he signed the separation agreement, so the court is left to speculate whether the claim is plausible or whether it is barred by the agreement.

Additionally, even if Danser's allegations were sufficient, they only would state claims against Bagir International. The complaint does not contain any facts connecting Bagir Group, FIMI Opportunity Fund, or any individual defendants to the alleged breaches.

Danser attempts to cure these deficiencies by adding new allegations and claims in his opposition to the motions to dismiss. For example, Danser claims for the first time that the release agreement is void and should not be enforced. He also alleges a host of new facts not contained in the complaint. "[T]he court disregards these allegations . . . because it is well-settled that a claim for relief may not be amended by the briefs in opposition to a motion to dismiss." LaFlamme v. Societe Air France, 702 F. Supp. 2d 136, 148 (E.D.N.Y. 2010).

For the foregoing reasons, the complaint is dismissed in its entirety.

*Motions for Default Judgment*

Also pending in this case are two motions for default judgment filed by Danser. It is obvious from the inadequacy of the complaint that there is no basis for default judgment. Granting the default judgment is also inappropriate where the complaint is dismissed for failure to state a claim. The motions for default judgment are denied.

## Conclusion

Defendants' motions to dismiss are granted. Danser's motions for default judgment are denied. This opinion resolves the motions listed as documents 7, 23, 28, and 30 in case number 12 Civ. 5102.

So ordered.

Dated: New York, New York
      September 17, 2013

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/13